**NOT FOR PUBLICATION**

```
    FILED

  JUL 19 2011

UNITED STATES BANKRUPTCY COURT
 EASTERN DISTRICT OF CALIFORNIA
```

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-10177-A-13 |
| ALEX EDWARD ESPINOZA and DEBORAH DAWN ESPINOZA | FINDINGS OF FACT AND CONCLUSIONS OF LAW RE ORDER DIRECTED TO THOMAS P. GIORDANO TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED AND/ OR ORDERED TO DISGORGE FEES FOR FAILURE TO ADEQUATELY |
| Debtor.                    / | REPRESENT CLIENT |

A hearing was held on the court's "Order Directed to Thomas P. Giordano to Show Cause Why He Should Not Be Sanctioned and/or Ordered to Disgorge Fees for Failure to Adequately Represent Client" (the "OSC") on May 5, 2011.  Following the hearing, the court took the matter under submission.  This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52.  This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

Alex and Deborah Espinoza filed a chapter 13 petition on January 6, 2011.  Thomas P. Giordano represented them in filing the case.  The case was filed without the documents required for a chapter 13 case, and the court issued a Notice of Incomplete

1

Filing and Intent to Dismiss Case.   Subsequently, documents were filed, including the Attorney's Disclosure of Compensation and the Rights and Responsibilities of Chapter 13 Debtors and Their Attorney (the "Rights and Responsibilities").   The Attorney's Disclosure of Compensation under Federal Rule of Bankruptcy Procedure 2016 stated that the attorney had been paid $3,000 by the Espinozas prior to the filing of the case.   Paragraph 6 of the Disclosure of Compensation purports to exclude from representation of the debtors, "representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings."

The Rights and Responsibilities in this case also states that Giordano was paid $3,000.   The Rights and Responsibilities, a form required by the Eastern District of California Bankruptcy Court, requires that for the fee charged, the attorney is obliged to represent the debtor in numerous matters in the bankruptcy case, including motions to avoid liens and motions for relief from the automatic stay.

This court's Guidelines for Payment of Attorneys' Fees in Chapter 13 Cases (the "Fee Guidelines") states:

> "1.   Counsel may seek approval for fees in the order confirming the plan up to the amounts set forth in Paragraph 2 without filing a detailed application if:
>     (a) Counsel has filed an executed copy of the 'Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys,'. . . and
>     (b) No objection to the requested fees has been raised.
>
> 2.   The maximum fee which can be approved through the procedure described in Paragraph 1 is: $3,500 in nonbusiness cases, and $5,000 in business cases."

If an attorney for a chapter 13 debtor wishes a "no-look fee" under the Guidelines, the maximum that he may receive is

2

$3,500 for a consumer case and $5,000 for a business case.   This case is a consumer case.

The Plan that was filed on January 21, 2011, contemplates paying to the chapter 13 trustee the sum of $928 per month for 60 months.   Under the Plan, unsecured creditors receive nothing.

The chapter 13 trustee filed an objection to confirmation and a request that attorney Giordano be ordered to disgorge fees. That objection and request was set for hearing on March 29, 2011. In his objection, the chapter 13 trustee stated that:

> "Debtors have filed [sic] to provide the necessary required and requested documents to the trustee, including, but not limited to, Debtors' pay advices, income tax returns, mortgage statements, vehicle statements, retirement information, etc.  Without such information, Trustee cannot properly examine Debtors or audit their schedules and other related documents.  As such, Trustee objects on all grounds and reserves the right to supplement this objection after Debtors provide the Trustee with the requested and required information.
>
> In addition, Trustee objects on the basis that this plan is not feasible - the plan payments of $928.38 are not enough to cover the on-going mortgage of $1,990, let alone the vehicle listed in Class 2.
>
> This is a non-business case.  Debtors stated at the 341 First Meeting of Creditors that they had paid their attorney $2,000.00 for a loan modification, which apparently was never completed.  Attorney then charged Debtors an additional $3,000.00 for the filing of their Chapter 13 bankruptcy.  Trustee respectfully requests that the Court issue an Order to Show Cause as to why Attorney should not have his fees disgorged under 11 U.S.C. § 329.  Trustee has requested documentation and evidence from the Debtors and is awaiting receipt of the same."

At the hearing on the trustee's objection to confirmation and request for an order to show cause, Mrs. Espinoza appeared. Her attorney, Mr. Giordano, did not appear, nor did anyone appear in his stead.   The court sustained the trustee's objection to confirmation of the plan and granted the request to issue an

order to show cause directed to Mr. Giordano.  The order to show cause issued on April 14, 2011, and was set for hearing on May 5, 2011.  The reasons for issuing the order to show cause, as set forth above, were that the debtors had failed to provide the correct and necessary documents to the trustee; that the plan was on its face not feasible; and that the debtors had stated at the 341 meeting of creditors that they had paid Giordano $2,000 for a loan modification in addition to the $3,000 for filing their chapter 13 case.  No disclosure of the additional $2,000 for a loan modification was ever made by Mr. Giordano in the Rights and Responsibilities or in the Rule 2016 Statement.

Prior to the hearing on the order to show cause, Mr. Giordano filed an opposition.  In it, he stated that he had not received a notice of the hearing on the trustee's objection to confirmation and request for issuance of an order to show cause. However, the proof of service filed with the court indicates that attorney Giordano was served properly.  Additionally, he has consented to electronic service in the Eastern District of California bankruptcy court.

Giordano also stated that he had concluded that Mr. and Mrs. Espinoza had paid him too much and therefore had refunded to them $500 on September 13, 2010.  Additionally, he stated that he paid their chapter 13 filing fee of $274 from the funds he received from them.  He therefore stated that he had received $5,000 from the Espinozas, had refunded $500, and had used $274 for payment of the filing fee.  This left Mr. Giordano with a net of $4,226 paid to him by the Espinozas.  He appears to argue that this payment by the Espinozas to him was an advance fee payment which

4

became his property at the time of receipt.  He cited case law to the effect that an advance fee payment paid prepetition became the attorney's property prepetition, subject to the reasonableness requirement of Bankruptcy Code § 329.  (Citing Barron v. Countryman, 432 F.3d 590, 596 (5th Cir. 2005).

Giordano then goes on to state that in his view a bankruptcy court cannot impose a "customary" fee.  Rather, in his view, the court must determine whether fees are reasonable.  In the Eastern District of California, the court does not impose a customary fee.  Rather, the Fee Guidelines allow attorneys to choose between a "no-look" fee and applying for compensation under Bankruptcy Code § § 330 et seq.

Giordano is incorrect about the law.  The use of a standard chapter 13 fee by bankruptcy courts has been approved by the Ninth Circuit Court of Appeal.  In re Eliapo, 468 F.3d 592, 599 (2006).  Additionally, the guidelines governing payment of chapter 13 attorneys in the Eastern District of California contemplate that an attorney has the option of either agreeing to a flat fee or of applying for fees periodically. In other words, the attorney is not required to accept the flat, or "no-look" fee.

In this case, no fee application was ever filed by Mr. Giordano.  The fee he was paid ($4,226) exceeds the amount attorneys representing debtors in chapter 13 cases may receive absent a noticed fee application.  Additionally, Giordano only disclosed that he had received $3,000.  The Rights and Responsibilities states:

"Initial fees charged in this case are $3,000.00, and of

5

this amount, $3,000.00 was paid by the debtor before the filing of the petition.  While this initial fee should be sufficient to fairly compensate counsel for all preconfirmation services and most post-confirmation services, where substantial and unanticipated post-confirmation work is necessary, the attorney may request the court to approve additional fees.  If additional fees are approved, they shall be paid through the plan unless otherwise ordered.  The attorney may not receive fees directly from the debtor."

Giordano signed the Rights and Responsibilities.

At the hearing on the Order to Show Cause, Giordano appeared.  He stated that he did not intentionally disregard the notice of the 341 meeting scheduled in March and in April.  He stated that he caused an appearance attorney to appear at the 341 meeting on February 22nd.  Again, he stated that he had not received notice of the earlier meetings.

Giordano violated Federal Rule of Bankruptcy Procedure 2016 by failing to disclose all of the payments he had received from the debtors.  Bankruptcy Code § 329 requires an attorney representing a debtor in a bankruptcy case to file with the court a statement of the compensation paid within one year before the date of the filing of the petition.  Section 329(b) states that if that compensation exceeds the reasonable value of the services, the court may order the return of any payment to the extent excessive.

In this instance, the fees received by Giordano were excessive.  He received $4,226.  For that, he filed a chapter 13 petition and documents.  He filed a chapter 13 plan that was patently nonconfirmable.  He failed to appear at meetings of creditors under § 341 and at the hearing on the trustee's objection to confirmation and request for an order to show cause.

6

The court finds not credible Giordano's statement that he failed to receive notice. Giordano has consented to electronic notice, and the trustee filed a certificate of service showing service on Giordano.

Mr. and Mrs. Espinoza have now retained new counsel. A motion to substitute Richard H. Bambl in the place of Mr. Giordano was filed May 19, 2011.[1]

Additionally, in his opposition to the order to show cause, Giordano states that he understands the case has been dismissed. This demonstrates his lack of attention to this case. The Espinoza case has not been dismissed.

An exhibit to Giordano's written opposition to the order to show cause includes a two page statement for legal services rendered to the Espinozas in connection with their "loan modification and chapter 13 bankruptcy." That statement reflects that Mr. Giordano bills at $350 per hour, and his paralegals and law students bill at $160 per hour. The statement shows that a paralegal spent two hours preparing "complete packet to be submitted to EMC Mortgage." The paralegal billed $320 for this. All the other work billed was in connection with the bankruptcy case.

Mr. and Mrs. Espinoza received a minimal benefit from the filing of the bankruptcy case. They did receive the benefit of the automatic stay which prohibited foreclosure. However, no progress toward proposing a confirmable chapter 13 plan was made.

---

[1]To date, no one has submitted an order approving Mr. Bambl's substitution, and Mr. Giordano remains the attorney of record for the Espinozas.

7

1  For that reason, the court will allow as reasonable compensation,
2  the amount of reasonable compensation (at the high end) for an
3  attorney representing a debtor in chapter 7 in the United States
4  Bankruptcy Court for the Eastern District of California.  This is
5  because Giordano provided the same benefit to the Espinozas that
6  a chapter 7 attorney provides to his clients.  That is, the
7  clients obtained the benefit of the automatic stay.  The amount
8  of reasonable compensation thus allowed is $1,200.  Because
9  Giordano has received $4,226, he is ordered to disgorge to Mr.
10  and Mrs. Espinoza $3,026.  That disgorgement shall be made by
11  certified check payable to Mr. and Mrs. Espinoza and mailed
12  directly to them.  At the same time that he mails the check,
13  Giordano shall file a declaration with the bankruptcy court in
14  the Espinozas' case, showing his payment to them.

15      The court will issue a separate order.

16  DATED:  7/19/11

17
18                          _____
                            WHITNEY RIMEL, Judge
19                          United States Bankruptcy Court
20
21
22
23
24
25
26
27
28

8